IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN L. PALMER | : CIVIL ACTION |
| v. | : |
| | : NO. 15-994 |
| KENNETH REALI, *et al* | : |

## MEMORANDUM

**KEARNEY, J.**                                                              September 28, 2017

A liquidating trustee for a bankrupt entity requesting a jury trial for breach of fiduciary duty claims against the entity's former officers must demonstrate he seeks predominantly legal, as opposed to equitable, remedies to retain his requested jury. When the fiduciary duty recovery is sought through a declaratory judgment confirming the officers' breach, disgorgement of their illegal gains and money damages for losses to the debtor entity recoverable by the trustee, we must scrutinize the pleadings to find whether the trustee for the debtor entity seeks recovery for future harm or a judgment, and an award of damages, based on past conduct which can be remedied by damages notwithstanding the entity's funds retained by the former officers. After scrutiny, we enter the accompanying Order denying the former officers' motion to strike the trustee's jury demand after finding the plead claims principally focus on past misconduct resulting in a loss to the debtor entity. We further find the trustee's legal remedies, if successful, will augment the debtor entity's bankruptcy estate rather than adjust the claims process in its bankruptcy and thus the entity's bankruptcy filing does not waive the trustee's right to a jury trial.

I.  **Facts**

John Palmer, Liquidation Trustee for Baxano Liquidation Trust, sued Baxano's former officers Kenneth Reali and Joseph P. Slattery for breaching fiduciary duties of loyalty and care through unreasonable projections of Baxano's financial growth with reckless indifference to their knowledge of Baxano's actual financial condition.[1] The Trustee alleges Messrs. Reali's and Slattery's unreasonable projections caused Baxano to file bankruptcy;[2] caused Baxano to pay "grossly excessive" "lucrative compensation packages" compared to Baxano's actual financial state and projected growth; and, caused Baxano to pay excessive compensation increases when they were aware of Baxano's true financial prospects.[3]

The Trustee asks for a judgment: (1) declaring Messrs. Reali and Slattery breached their fiduciary duty to Baxano; (2) awarding the Liquidation Trust "damages caused by" their "conduct in an amount proven at trial"; (3) disgorging their cash bonuses and retention payments earned while serving as Baxano officers; (4) awarding costs and reasonable attorneys' fees; and, (5) granting further relief we deem appropriate.[4] The Trustee demands a jury trial "for all questions of fact" under Fed. R. Civ. P. 38(b).

II.  **Analysis**

Messrs. Reali and Slattery move to strike the Trustee's jury demand because the breach of fiduciary duty claims are equitable and do not carry a Seventh Amendment right to jury. They also argue, even if we find the claims are legal, there is still no right to a jury because Baxano's legal claims converted to equitable claims as "related to the claims allowance process in bankruptcy."[5]

We "scrutinize[] with the upmost care" this attempt to strike the Trustee's jury demand. If the Trustee's claims implicate both legal and equitable claims, "facts common to the claims

2

must be adjudicated by a jury, even if the legal claims are characterized as incidental to the equitable claims."[6]

The Seventh Amendment protects the right to a jury trial "[i]n Suits at common law." The Supreme Court held the Seventh Amendment preserves an individual's right to a jury trial in 1791.[7] The Court interprets "Suits at common law" to mean "suits in which *legal* rights were to be ascertained and determined" unlike suits with only equitable claims and remedies.[8] We use federal law to determine whether the Trustee's claims are legal or equitable even though our subject matter jurisdiction is based on diversity and we apply Delaware substantive law.[9]

We balance two inquiries in determining whether the Trustee's breach of fiduciary duty claim is entitled to a jury trial under the Seventh Amendment: (1) we compare his claims to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) we examine the nature of his requested remedies to determine whether they are legal or equitable.[10] The Supreme Court instructed our second inquiry is more important than the first in deciding if there is a Seventh Amendment right to a jury.[11]

### A. Breach of fiduciary duty claims are historically brought in equity.

The Trustee alleges Messrs. Reali and Slattery breached fiduciary duties of loyalty and care. "Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'—carrying with them no right to trial by jury."[12] The Trustee's claim for breach of fiduciary duty is historically a claim in equity and weighs against his request for a jury trial.

### B. The Trustee seeks legal and equitable remedies.

We then determine the nature of the Trustee's remedies. He principally seeks a declaratory judgment, money damages caused by Messrs. Reali and Slattery's breach, and disgorgement of Messrs. Reali's and Slattery's cash bonuses and retention payments.

3

The Trustee has a right to a jury where he brings legal and equitable claims and requests money damages, but he does not have a right to a jury for only equitable claims which request legal and equitable remedies.[13] We must examine each claim.

### 1. The Trustee's declaratory judgment claim seeks a legal remedy.

The Trustee seeks a judgment declaring Messrs. Reali and Slattery breached their fiduciary duties. Whether the Trustee's declaratory relief is legal or equitable is complicated because "[d]eclaratory judgments were created as a remedy in the federal courts some four years before the merger of law and equity took effect."[14] Our court of appeals found a "workable formula" to "preserve the distinction between law and equity in the declaratory judgment context."[15] We ask what kind of suit would exist without the declaratory judgment remedy.[16] "If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit—an action brought by one who would have been a defendant at common—then the parties have a right to a jury. But if the action is the counterpart of a suit in equity, there is no such right."[17]

Without a declaratory judgment claim, the Trustee would be seeking money damages based on Messrs. Reali and Slattery's breach of their fiduciary duties. In essence, he is requesting the factfinder decide his breach of fiduciary duty claim in two steps. First, decide whether Messrs. Reali and Slattery's past conduct breached their fiduciary duties. If the answer is a yes, then ask the factfinder to decide the amount their breach caused money damages to Baxano. The Trustee is not asking to declare future rights or conduct would breach, but rather, past conduct already breached. The Trustee's declaratory judgment remedy is legal because his claim would exist without his request because he asking for a declaration of breach on past conduct and money damages caused by the breach.

4

### 2. The Trustee's disgorgement claim seeks an equitable remedy.

Trustee Palmer's request for disgorgement seeks an equitable remedy because "disgorgement primarily serves to prevent unjust enrichment, [we] may exercise its equitable power only over property that is causally related to the wrongdoing."[18]

### 3. The Trustee's money damages claim seeks a legal remedy.

The Trustee seeks money damages "caused by" Messrs. Reali and Slattery's alleged fiduciary misconduct.[19] Messrs. Reali and Slattery argue money damages are an equitable remedy because of our "broad, flexible, and discretionary" power to fashion remedies, including money damages, in equity cases.[20]

The Trustee's request for damages caused by Messrs. Reali's and Slattery's conduct is a request for traditional compensatory damages because it seeks "to impose personal liability ... for the damages they caused, not to recover any particular fund ... in [Messrs. Reali and Slattery's] possession.[21] Courts examine the wording and context of a money damages request to determine whether it is legal or equitable. Where a request seeks to impose personal liability and recover the losses suffered by the company, as opposed to recover funds held by an individual, the courts find the remedy is legal, not equitable.[22]

In *Allied Systems*, a company brought a breach of fiduciary duty and an aiding and abetting breach of fiduciary duty claim against its officer and requested damages and other "proper and equitable" relief.[23] The officer moved to strike the jury demand.[24] The court held the company's fiduciary duty claim is historically considered equitable.[25] The court then found the monetary relief request seeks a legal remedy because the company sought the measure of damages caused by the officer's conduct, not to restore the company's funds held by the officer.[26]

Messrs. Reali and Slattery argue the Trustee's requested remedy is legal relying on *Cantor v. Perelman.* In *Cantor*, trustees for a bankrupt company filed breach of fiduciary duty claims against its two former officers seeking compensatory damages including "all benefits obtained by" the former officers.[27] The court characterized this claim for breach of fiduciary duty as seeking an equitable remedy.[28] The court also characterized the request for "benefits obtained by defendants" as an equitable unjust enrichment claim because it "refers directly to the proceeds received by [d]efendants from the note transactions at issue."[29] The court struck the jury demand finding "the scales tip in favor of" finding the breach of fiduciary duty is equitable because plaintiff brought an equitable claim and sought both legal and equitable damages.[30]

The Trustee, as in *Allied Systems* and *Cantor*, brings equitable claims and requests both money damages and equitable relief.[31] His request for money damages seeks a legal remedy under *Allied Systems* because the request is for damages caused Messrs. Reali's and Slattery's past conduct seeking to impose personal liability for losses caused to Baxano. The Trustee's monetary damages request is unlike *Cantor* where the trustee sought the benefits obtained by the officer because Trustee Palmer asks for damages caused to Baxano, not the money gained by Messrs. Reali and Slattery.

The Trustee's overarching theme of his allegations is Messrs. Reali and Slattery made substantial money after causing unreasonable projections for Baxano's financial growth with reckless indifference to their knowledge of Baxano's actual financial condition causing the bankruptcy.[32] The Trustee's declaratory judgment and request to disgorge salary and bonuses are incidental to his money damages claim. After review of the Trustee's mix of equitable and legal relief, we find "the thrust of [his] case is on remedying the alleged harm incurred by the [Messrs. Reali and Slattery], rather than on merely recovering illicit gains" from them.[33]

6

Our second and more important finding is the thrust of the Trustee's damages request is legal relief and this factor tips the scales in favor of finding the Trustee is entitled to a jury under the Seventh Amendment.[34]

### C. Baxano's bankruptcy did not eliminate the Trustee's right to a jury trial.

Messrs. Reali and Slattery also argue Baxano's bankruptcy filing extinguished a right to a jury trial. Congress decided the Seventh Amendment does not protect the right to jury for causes of action "fall[ing] within the process of the allowance and disallowance of claims" in bankruptcy.[35] "A cause of action falls within the claims allowance process where 'the resolution of the dispute in which a jury trial is sought [would] affect the allowance of the creditor's claim" but "a cause of action that 'would augment the estate but which [would] have no effect on the allowance of a creditor's claim" still retains the right to a jury trial.[36]

The Trustee has a right to a jury for his cause of action against Messrs. Reali and Slattery because recovery will augment the estate. We have no basis to find recovery will affect the claims allowance process.

### III. Conclusion

In our accompanying Order, we deny Messrs. Reali and Slattery's motion to strike the Trustee's jury demand under *Granfinanciera* as the Trustee's claim for breach of fiduciary duty is historically an equitable claim but the nature of the Trustee's remedies are overall legal in nature because they seek to impose personal liability on Messrs. Reali and Slattery for damages caused to Baxano by their past conduct and recovery will augment the bankruptcy estate.

---

[1] ECF Doc. No. 1, ¶¶ 3-5.

7

² *Id.* ¶ 6.

³ *Id.* ¶¶ 7-10.

⁴ *Id.* ¶ 212.

⁵ ECF Doc. No. 59 at 1.

⁶ *Miller v Sun Capital Partners, Inc.*, No. 13-1996, 2016 WL 4941989 at *3 (D. Del. Sept. 15, 2016) (quoting *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 510 (1959); citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990) and *Curtis*, 415 U.S. at 196 n.11)).

⁷ *See Cantor v. Perelman*, No. 97-586, 2006 WL 318666 at *4 (D. Del. Feb. 10, 2006)(citing *Curtis v. Loether*, 415 U.S. 189, 193 (1974)).

⁸ *Id.* (quoting *Granfinanciera S.A. v. Nordberg*, 492 U.S. 31, 41 (1989) and P*arsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830)).

⁹ *See id.*(citing *Simler v. Conner*, 372 U.S. (holding "[w]ether a suit is legal or equitable is a question of federal law, even in diversity case based on substantive state law")).

¹⁰ *Id.* (quoting Granfinanciera, 492 U.S. at 42).

¹¹ *See Granfinanciera*, 492 U.S. at 42 ("The second stage of this analysis is more important than the first").

¹² *Id.* at 6 (quoting *In re Hechinger Inv. Co. of Del.*, 327 B.R. 537, 544 (D. Del. 2005); *see also Cantor*, 2006 WL 318666 at *6 (holding "Plaintiffs' breach of fiduciary duty claim under Delaware corporate law is historically equitable").

¹³ *Miller*, 2016 WL 4941989 at *6 (citing *In re Oakwood Homes Corp.*, 378 B.R. 59, 68 (Bankr. D. Del. 2007) and *Cantor*, 2006 WL 318666 at *7-9).

¹⁴ *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 223 (3d Cir. 2009) (citing 28 U.S.C. §§ 2201-2202).

¹⁵ *Id.* (citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2313 (2d ed. 1995)).

¹⁶ *See id.*

¹⁷ *Id.* (citing F. James, Jr. and G. Hazard, Jr., Civil Procedure § 8.10, at 383-84 (2d ed. 1977)).

[18] *S.E.C. v. Teo*, 746 F.3d 90, 103 (3d Cir. 2014) (quoting *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1231 (D.C.Cir.1989)) (our court of appeals affirmed a district court order defendants 'disgorge profits after the jury found the defendants violated the federal security laws).

[19] Complaint, ECF Doc. No. 1, ¶ 212.

[20] *See* ECF Doc. No. 60 at 9.

[21] *In re Allied Systems Holdings, Inc.*, 524 B.R. 598, 611 (Bankr. D. Del. 2015) (citing *In re Oakwood Homes Corp.*, 378 B.R. 59, 68 (Bankr. D. Del. 2007)).

[22] *See Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005) (finding plaintiff's request for compensatory damages in breach of fiduciary duty claim to be a legal remedy because it sought to recover the company's losses, not the defendant's gains); *Allied Systems*, 524 B.R. at 611 (finding request to recover damages suffered by the company as a result of the director's breach of fiduciary duty to be a legal remedy because it seeks to impose personal liability, not to recover funds held by the director); *Oakwood Homes*, 378 B.R. at 68 (finding request to recover fees paid to defendant and losses to the company caused by defendant's conduct for both legal and equitable claims to be a legal remedy because plaintiff is attempting to recover the harm caused by defendant's conduct and the defendant's gains from improperly paid fees).

[23] *Allied Systems*, 524 B.R. at 603-04.

[24] *Id.* at 604.

[25] *Id.* at 608.

[26] *Id.* at 613.

[27] *Cantor*, 2006 WL 318666 at *1.

[28] *Id.* at *4.

[29] *Id.*

[30] *Id.*

[31] *See Allied Systems*, 524 B.R. at 603-04; *Cantor*, 2006 WL 318666 at *1.

[32] ECF Doc. No. 1, ¶¶ 3-5.

[33] *Allied Systems*, 524 B.R. at 613 (quoting *Oakwood Homes*, 378 B.R. at 68).

[34] *See Granfinanciera*, 492 U.S. at 42 ("The second stage of this analysis is more important than the first").

---

[35] *Miller v. Sun Capital Partners, Inc.*, No. 13-1996, 2016 WL 4941989, at *4 (D. Del. Sept. 15, 2016) (internal citations omitted).

[36] *Id.* (quoting *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993)).